## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELISSA G. WILMOT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS | § | **Case No. 2:23-cv-00287** |
| | § | |
| LANDA PROPERTY MANAGEMENT, | § | |
| INC. d/b/a SANDY OAKS APARTMENTS | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Melissa G. Wilmot files this Original Complaint against Defendant Landa Property Management, Inc. d/b/a Sandy Oak Apartments and shows as follows:

### PARTIES

1.      The plaintiff is Melissa G. Wilmot.  She is an individual and resident of Nueces County, Texas.

2.      The defendant is Landa Property Management, Inc. d/b/a Sandy Oak Apartments. It is a business entity existing in the state of Texas.  It maintains an office and does business in Aransas County, Texas.   It may be served with process by serving its registered agent for service, Mr. Lance R. Hughes, 2215 Westlake Drive, Suite 300,

Austin, Texas 78746.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.

## VENUE

4.      Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5.      The defendant owns and operates an apartment complex in Aransas Pass, Texas.  It is called Sandy Oaks Apartments.

6.      The plaintiff was employed by the defendant from May 22, 2019 to on or about June 30, 2023.  Her job title was Property Manager and she earned $18.50 per hour.  She had no disciplinary history and was a high performer.

7.      However, the plaintiff was constructively discharged from her employment by the defendant because, in part, gender discrimination (female/sexual harassment), hostile work environment, and retaliation for engaging in protected activity—that is, because of her opposition and reporting of sexual harassment against her by a co-worker.

8.      Specifically, on or about May 23, 2023, a maintenance employee for the defendant arrived in the plaintiff's office.  The plaintiff was sitting at her desk, explaining to the

maintenance employee, Robert Spencer, what work was needed at a resident's apartment. During the conversation, Robert Spencer forcibly and shockingly placed his hand inside the plaintiff's shirt and grabbed her left breast.  The plaintiff responded by slapping his hand away.  As he walked out of the office, Robert Spencer remarked to the plaintiff that "it sure was warm in there."

9.      After he left the office, the plaintiff immediately called her supervisor, Elsie Martinez, and reported the sexual assault and harassment.  Elsie Martinez's first question to the plaintiff was "what are you wearing?"    After the plaintiff answered this inappropriate question and further reported what happened, Robert Spencer returned to the plaintiff's office and as he was walking in, he read aloud a text message he received from Elise Martinez, saying "why were you inappropriate with Melissa?"    Robert Spencer then apologized to the plaintiff for his conduct.  He then left.

10.     The plaintiff also immediately reported the assault/incident to the Aransas Pass Police Department.  An law enforcement investigation is ongoing.

11.     When the plaintiff returned the next work day, she received a telephone call from Charles Henderson, Director, at the Austin office for the defendant.    The plaintiff explained, again, what happened to her.   Charles Henderson said he would investigate and would then fax a document to the plaintiff with his findings.

12.     Two days later, Charles Henderson faxed a document to the plaintiff, which said

that they could not determine what happened, that Robert Spencer would not be disciplined, and that she and Robert Spencer would continue working together, though there interaction together would be more limited.

13.    But, while there was less interaction, the plaintiff and Robert Spencer continued working in same, general area, in a similar manner.  This was distressing to the plaintiff. She has been physically and verbally assaulted by this person days earlier and she therefore felt understandably unsafe in her work environment.   The distress and unwillingness of the defendant to provide any, appropriate remedial action created a hostile work environment for the plaintiff and was an act of retaliation for complaining, which resulted in the plaintiff being constructively discharged by the defendant on or about June 30, 2023.  No reasonable person would continue working with someone, on any level, who physically and verbally assaulted them in a sexual nature.

14.    The administrative process was exhausted by the plaintiff before this lawsuit was filed.

### CAUSES OF ACTION

**Count 1–Gender Discrimination and Sexual Harassment**

15.    The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-14, *supra*.

16.    Sexual harassment in employment relationships is unlawful under state law (Texas

Labor Code) and federal law (Title VII).   Generally, a plaintiff must show that (1) she is a member of a protected class; (2) she suffered unwelcomed harassment; (3) the harassment was based on her membership in a protected class; (4) the harassment "affected a term, condition, or privilege of employment"; that is, the sexual harassment must be sufficiently severe as to alter the conditions of employment and create an abusive working environment; and (5) "the employer knew or should have known" about the harassment and "failed to take prompt remedial action." *See West v. City of Hous*., 960 F.3d 736, 741 (5th Cir. 2020) (per curiam) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

17.    Here, the facts show that the plaintiff is in a protected class of persons because she is female, that she very clearly experienced unwelcome sexual harassment (physical and verbal) from a co-worker, that the harassment affected a term, condition, or privilege of employment by, in part, requiring the plaintiff to continue working with the sexual harasser who was physically and verbally abusive, that it was reported to the defendant by the plaintiff, and very clearly, the defendant failed to take almost any, appropriate remedial action.

18.    The plaintiff alleges that the discrimination and sexual harassment were knowingly done and/or intentionally done and/or recklessly by the defendant.

19.    The defendant's conduct caused damages to the plaintiff.   She therefore seeks to

recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. The plaintiff also seek her attorney's fees, as provided by law.

### Count 2–Hostile Environment based on Sex

20. The plaintiff incorporates within Count 2 all of the allegations set forth in paragraphs 1-19, *supra*.

21. Pursuant to state law (Texas Labor Code) and federal law (Title VII), a hostile environment environment claim arises when a plaintiff alleges harassment 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'. . ." *See Waltman v. International Paper Co.*, 875 F.2d 468 (5th Cir. 1989).

22. Here, the facts show that the plaintiff very clearly experienced unwelcome physical and verbal harassment from a co-worker that was sexual in nature, that the conduct affected a term, condition, or privilege of employment by, in part, requiring the plaintiff to continue working with the sexual harasser who was physically and verbally abusive to the plaintiff in a sexual nature, which obviously and indisputably made the plaintiff feel physically and emotionally unsafe, that it was reported to the defendant by the plaintiff, and very clearly, the defendant failed to take almost any, appropriate

remedial action.

23.    The plaintiff alleges that the conduct was knowingly done and/or intentionally done and/or recklessly by the defendant.

24.    The defendant's conduct caused damages to the plaintiff.  She therefore seeks to recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law.  Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law.  The plaintiff also seek her attorney's fees, as provided by law.

### Count 3–Retaliation

25.    The plaintiff incorporates within Count 3 all of the allegations set forth in paragraphs 1-24, *supra*.

26.    Retaliation by an employer against an employee who engages in protected activity is unlawful pursuant to state law (Texas Labor Code) and federal law (Title VII).   The necessary elements include that (1) the employee "engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action."  *See Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002)). "If an adverse employment action occurs within close temporal proximity to protected activity known to the employer, a plaintiff will have met [the] burden to establish a prima facie case of retaliation." *Badgerow v. REJ Props., Inc*., 974

F.3d 610, 619 (5th Cir. 2020) (citing *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019)).

27.    Here, it is indisputable that the plaintiff made a complaint to the defendant, complaining about sexual harassment and related hostile work environment based on physical and verbal conduct by a co-worker, that no, meaningful remedial action was taken, the lack of remedial action affected a term, condition or privilege of the plaintiff's employment, and that it was the complained of conduct and lack of remedial action that resulted the employment separation.

28.    The plaintiff alleges the retaliation was knowingly done and/or intentionally done and/or recklessly by the defendant.

29.    The defendant's conduct caused damages to the plaintiff.  She therefore seeks to recover her economic damages from the defendant, damages for mental anguish, and all other damages provided by law.  Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law.   As provided by law, the plaintiff also seeks recovery of her attorney's fees.

<u>**PRAYER**</u>

30.    For these reasons, Plaintiff Melissa G. Wilmot respectfully requests that Defendant Landa Property Management, Inc. d/b/a Sandy Oaks Apartments be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for

Plaintiff's damages, economic damages, non-economic damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Federal ID 24936
State Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710
361.885.7716 (facsimile)
jbrooks@brooksllp.com

**Attorneys for Plaintiff Melissa G. Wilmot**